IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOFTWARE MANAGEMENT, INC., <br><br> Plaintiff <br><br> v. <br><br> BARKLEY EVERGREEN & PARTNERS, INC. d/b/a BARKLEYREI, RIPPLE EFFECTS INTERACTIVE // PHILADELPHIA INC., and 2835084, INC, <br><br> Defendants. | Civil Action No <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, SOFTWARE MANAGEMENT, INC. ("Plaintiff"), by and through its undersigned attorneys, hereby files this complaint against Defendants BARKLEY EVERGREEN & PARTNERS, INC. d/b/a BARKLEYREI and RIPPLE EFFECTS INTERACTIVE // PHILADELPHIA INC. (collectively referred to as "Defendants"), and avers the following upon information and belief:

## PARTIES

1.  Plaintiff is a corporation duly organized under the laws of the Commonwealth of Pennsylvania having a principal place of business at 250 Mt. Lebanon Road, Pittsburgh, Pennsylvania 15234.

2.  Barkley Evergreen & Partners, Inc. is a corporation duly organized under the laws of the State of Missouri having a principal place of business at 1740 Main Street, Kansas City, Missouri.

3. Barkley Evergreen & Partners, Inc. conducts business under the fictitious name of BarkleyREI at 2840 Liberty Avenue, Suite 100, Pittsburgh, PA 15222.

4. Ripple Effects Interactive // Philadelphia, Inc. was a corporation duly organized under the laws of the Commonwealth of Pennsylvania having a principal place of business at 2840 Liberty Avenue, Suite 100, Pittsburgh, PA 15222.

5. 2835084 Inc is a corporation duly organized under the laws of the Commonwealth of Pennsylvania having a principal place of business at 846 Emerald Drive, New Kensington, PA 15068.

6. 2835084 Inc was previously named Ripple Effective Interactive // Pittsburgh Inc.

7. 2835084 Inc was previously named Ripple Effects Interactive Inc.

8. On or about May 5, 2006, Ripple Effects Interactive // Philadelphia, Inc. merged with 2835084 Inc.

9. As of May 5, 2006, Ripple Effects Interactive // Philadelphia, Inc., 2835084 Inc., Ripple Effects Interactive // Pittsburgh Inc., and Ripple Effects Interactive Inc. (collectively "REI") conducted business under the name "Ripple Effects Interactive" or "REI".

10. REI has merged with Barkley Evergreen & Partners, Inc. and now conducts business as BarkleyREI.

## **VENUE AND JURISDICTION**

11. Defendants systematically and continuously conduct business within the Commonwealth of Pennsylvania.

12. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

13. Plaintiff has an office located within Allegheny County.

14. Defendants have an office located within Allegheny County.

15. Venue is proper in this Court.

## AVERMENTS

16. On or about March 7, 2007, Plaintiff and REI entered into an agreement (the "Agreement"). A copy of the Agreement is attached hereto as Exhibit A.

17. The Agreement states that Plaintiff "may, in connection with this Agreement, disclose to REI Confidential Information regarding [Plaintiff's] Clients, and the products and services to be provided to such Clients by REI. In consideration of the fees to be paid as per Schedule A, REI agrees not to solicit such Clients directly or indirectly, for any similar products and services during the term of this Agreement and for a period of two (2) years thereafter if and only if REI unilaterally terminates this Agreement."

18. Pursuant to the Agreement, REI agreed to not solicit clients, directly or indirectly, for any similar products and services during the term of the Agreement, and for a period of two years thereafter, if REI unilaterally terminated the Agreement.

19. Pursuant to the Agreement, REI could terminate the Agreement by providing a thirty-day written notice to Plaintiff if Plaintiff was in default, and the default was not cured within thirty days.

20. Plaintiff did not default on the Agreement.

21. REI has never provided Plaintiff with a thirty-day notice that Plaintiff was in default.

22. The Agreement states that "In the course of providing services hereunder, REI and [Plaintiff] may have access to confidential and proprietary information and materials of [Plaintiff] or its Clients (Confidential Information). Confidential Information includes and is not limited to, information related to past, present or future research, development or business affairs, any proprietary products, materials or methodologies, or any other information which provides [Plaintiff] or its Clients with a competitive advantage. Confidential Information shall be used by REI only in conjunction with the provision of services hereunder and shall not be disclosed to any third party. REI shall at all times treat any Confidential Information with the same level of care as they would their own. No rights or licenses under patents, trademarks or copyrights are granted or implied by any disclosure of Confidential Information. Upon [Plaintiff's] request or completion or termination of this Agreement, REI shall return all Confidential Information to [Plaintiff]."

23. During the pendency of the Agreement, REI had access to Plaintiff's confidential and proprietary information and materials, including, without limitation, Plaintiff's client contact lists, Plaintiff's relational database, Plaintiff's technical documents, Plaintiff's programmer documents, and Plaintiff's technology. REI also had access to Plaintiff's confidential sales data including prospects, competitor insight and other proprietary information.

24. REI agreed that Plaintiff's confidential and proprietary information would be used only by REI in conjunction with the Agreement.

25. REI agreed that Plaintiff's confidential and proprietary information would not be disclosed to any third party.

26. REI also agreed to return all of Plaintiff's confidential and proprietary information upon the termination of the Agreement.

27. On or about March 6, 2008, Barkley Evergreen & Partners, Inc., REI and Louis Malafarina entered into an Agreement entitled an "Asset Purchase Agreement." A copy of the "Asset Purchase Agreement" is attached hereto as Exhibit B.

28. Pursuant to the "Asset Purchase Agreement", REI has merged with Barkley Evergreen & Partners and now operates under the fictitious name BarkleyREI.

29. Pursuant to the "Asset Purchase Agreement", BarkleyREI assumed all obligations under the Agreement.

30. On or about May 23, 2008, BarkleyREI expressly or implicitly indicated that it would continue REI's obligations under the Agreement.

31. On or about May 23, 2008, Plaintiff and BarkleyREI submitted a joint proposal to Forth Worth CVB pursuant to the Agreement.

32. On or about May 28, 2008, BarkleyREI expressly or implicitly indicated that it would continue REI's obligations under the Agreement.

33. On or about May 28, 2008, Plaintiff and BarkleyREI submitted a joint proposal to Palm Beach County CVB pursuant to the Agreement.

34. Following the merger, Defendants and Plaintiff continued to operate as if the Agreement was in full force and effect.

### Count I: Breach of Contract

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 as if set forth in full herein.

36. Defendants have breached the Agreement by using Plaintiff's confidential information for purposes other than rendering services pursuant to the Agreement.

37. Defendants have breached the Agreement by disclosing Plaintiff's confidential information to a third party.

38. Defendants have breached the Agreement by soliciting Plaintiff's clients, or providing products or services to Plaintiff's clients that have been or were to be provided under the terms of the Agreement.

39. The products and/or services solicited or provided by Defendants to Kansas City Convention and Visitors Association are similar to those provided by Plaintiff and Defendants pursuant to the Agreement.

40. Defendants have breached the Agreement by failing to obtain written consent from the Plaintiff prior to the execution of the Asset Purchase Agreement.

41. By virtue of the breaches, Plaintiff has been irreparably harmed.

42. By virtue of the breaches, Plaintiff has suffered damages.

## Count II:  Breach of Implied Contract

43.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 as if set forth in full herein.

44.     BarkleyREI acted as if the Agreement was in full force and effect by continuing to provide services to Plaintiff's clients pursuant to the Agreement.

45.     Plaintiff relied on BarkleyREI's actions and provided BarkleyREI with Plaintiff's confidential and proprietary materials and information.

46.     BarkleyREI has solicited Plaintiff's clients, or is providing products or services to Plaintiff's clients, that were to be provided by REI pursuant to the Agreement.

47.     Plaintiff has been irreparably harmed by Defendant's breach of the Agreement.

48.     Plaintiff has suffered economic losses as a result of Barkley's breach of the Agreement.

## Count III:  Misappropriation of Trade Secret

49.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 as if set forth in full herein.

50.     Defendants had access to Plaintiff's confidential and proprietary materials and information.

51.     Plaintiffs have taken appropriate measures to protect Plaintiff's confidential and proprietary materials and information from entering into the public domain.

52. Defendants agreed that Plaintiff's confidential and proprietary materials and information could only be used in conjunction with services rendered pursuant to the Agreement.

53. According to the Agreement, Defendants agreed that Plaintiff's "Confidential Information shall be used by REI only in conjunction with the provision of services hereunder and shall not be disclosed to any third party. REI shall at all times treat any [Plaintiff's] Confidential Information with the same level of care as they would their own. No rights or licenses under patents, trademarks or copyrights are granted or implied by any disclosure of Confidential Information."

54. Defendants have negligently, recklessly, intentionally, knowingly, wantonly, or willfully used Plaintiff's confidential and proprietary materials and information for purposes other than services rendered pursuant to the Agreement.

55. Consequently, Plaintiff has been irreparably harmed.

56. Plaintiff has suffered damages as a result of Defendant's misappropriation of Plaintiff's trade secrets.

57. Defendants are liable to the Plaintiff for punitive damages.

### Count IV: Unjust Enrichment

58. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 as if set forth in full herein.

59. Defendants have acquired from Plaintiff confidential information and materials.

60.   Defendants have accepted and unjustly benefited from using Plaintiff's confidential information and materials.

61.   Plaintiff has suffered damages as a result of Defendants inequitable use of Plaintiff's confidential information and materials.

## Count V:  Unfair Competition

62.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 61 as if set forth in full herein.

63.   Defendants have issued publications that negligently, recklessly, intentionally, knowingly, wantonly or willfully misrepresent or are likely to cause confusion that Plaintiff's products or services previously rendered to Plaintiff's clients were solely Defendants' products or services.

64.   Defendants negligently, recklessly, intentionally, knowingly, wantonly or willfully made a press release dated May 5, 2009 wherein Defendants represent or imply that the "VisitKC.com" site was solely prepared by and/or serviced by BarkleyREI.  A copy of the press release is attached hereto and made part hereof as Exhibit C.

65.   The "VisitKC.com" site was prepared by and/or serviced by Plaintiff and REI pursuant to the Agreement.

66.   Defendants have negligently, recklessly, intentionally, knowingly, wantonly or willfully misrepresented the "VisitKC.com" site as one prepared solely by Defendants, BarkleyREI or REI, which is likely to cause confusion as to the source of "VisitKC.com".

67. Defendants have violated 15 U.S.C. § 1125, and Pennsylvania common law.

68. Plaintiff has been irreparably harmed by Defendants' actions.

69. Plaintiff has suffered an economic injury as a result of Defendants' damages.

70. Plaintiff demands an accounting of all profits generated by Defendants from products and/or services that are similar to those provided by the Plaintiff and Defendants pursuant to the Agreement.

71. Defendants are liable to Plaintiff for punitive damages.

### Count V: Trademark Infringement

72. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 71 as if set forth in full herein.

73. Plaintiff is and has been the owner of the marks "SOFTWARE MANAGEMENT INC.", "SMI", "DESTINATION 3000" and "D3000" (collectively referred to as "Plaintiff's marks") since at least 2007.

74. Defendants have negligently, recklessly, intentionally, knowingly, wantonly, or willfully used the Plaintiff's marks in connection with internet, e-commerce, website design, website development, and website maintenance services and products.

75. Defendants have negligently, recklessly, intentionally, knowingly, wantonly or willfully used Plaintiff's marks in the solicitation, advertisement and sale of products or services relating to the internet, e-commerce, website design, website development, and website

maintenance where Plaintiff was not the source of any portion of the products or services offered by the Defendants.

76. Defendants have negligently, recklessly, intentionally, knowingly, wantonly or willfully used Plaintiff's marks in a proposal to the New Orleans Tourism Marketing Corporation wherein the proposal falsely and confusingly identifies Plaintiff as a source of at least a portion of the products or services offered in the proposal. A copy of Defendant's proposal to the New Orleans Tourism Marketing Corporation is attached hereto as Exhibit D.

77. Defendants' use of Plaintiff's trademark has or is likely to cause confusion, deception or mistake as to the affiliation, connection, association, origin, sponsorship or approval of certain products or services offered by the Defendants.

78. Defendants' use of Plaintiff's marks was with the intent to cause confusion, deception or mistake by a consumer.

79. Defendants' actions violate 15 U.S.C. § 1125, and/or Plaintiff's common law rights associated with Plaintiff's marks.

80. Plaintiff has been irreparably harmed as a result of Defendants' actions.

81. Plaintiff has suffered economic damages as a result of Defendants' actions.

82. Defendants are liable to Plaintiff for treble and/or punitive damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendants for each and every claim asserted above, and enter judgment that the Defendants pay the Plaintiff damages, punitive damages, attorneys' fees and costs, and/or that

Defendants be enjoined from contacting Plaintiff's clients for a period of at least two years, and/or that Defendants be enjoined from using Plaintiff's marks, and/or that Defendants return to Plaintiff or be ordered to destroy all copies of Plaintiff's intellectual and confidential property, and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Software Management, Inc. hereby demands a trial by jury for all issues triable by a jury.

Respectfully submitted,

Dated: November 24, 2009

_____
Kent E. Bauldauf, Jr., PA ID No. 01142
Russell D. Orkin, PA ID No. 01331
Nathan J. Prepelka, PA ID No. 83742
Thomas C. Wolski, PA ID No. 203072

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 471-8815
Facsimile: (412) 471-4094

## **VERIFICATION**

I, JENNIFER REICHENBACH, as PRESIDENT of SOFTWARE MANAGEMENT, INC. declare under penalty of perjury that the information provided in the foregoing Complaint is true to the best of my knowledge, information, and belief.

Dated: November 24, 2009

*Jennifer Reichenbach*
Jennifer Reichenbach